*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2014-179

MARCH TERM, 2015

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Washington Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Harvey Epps | } | DOCKET NO. 1149-10-13 Wncr |

Trial Judge: Thomas A. Zonay

In the above-entitled cause, the Clerk will enter:

Defendant appeals from his conviction of domestic assault and disorderly conduct following a jury trial. He argues that the State's evidence was insufficient to show that he attempted to cause bodily injury to the victim. We affirm.

Defendant was charged with the crimes above in October 2013. The following evidence was presented at trial. On the evening in question, a witness exiting a bar heard loud voices and a woman's voice yelling "No." The woman sounded scared. The witness saw a man swinging his arm and hollering at a woman. The woman said "No" several more times. The witness called police.

The first police officer to arrive on the scene testified that he was familiar with defendant and the victim. He observed defendant standing over the victim. Defendant was straddling the victim, and punching her with a closed fist in the chest and stomach. The officer heard the sounds of the blows on the victim's body. The victim was lying prone on the ground. Defendant and the victim were screaming at one another. As defendant was punching the victim, he said to her, "Yeah, bitch, how do you like that?" The officer then observed defendant pick the victim up and both parties started walking down an alley. As the officer approached, defendant started screaming. He said that the victim was his wife and that he had the right to do whatever he wanted to her. Other police officers arrived, and defendant launched into a verbal tirade against the officers, threatening and insulting them. The victim was trying to get in between the officers and defendant and she had to be physically restrained and moved to the side.

After being arrested and handcuffed, defendant temporarily broke away from the officers. He was screaming, kicking, and making violent and crude threats to the officers. Defendant physically resisted being placed in the cruiser. Once in the cruiser, defendant started to bang his head against the Plexiglass partition, screaming at the officers. Defendant continued his tirade throughout the ride and at the police station as well. He threatened the officers' lives and their families' lives. Two other police officers provided similar testimony.

Another individual who witnessed the fight also testified. This witness saw defendant grab the victim and observed the victim go 'flying' up onto a grass embankment. She testified that defendant's fist went "boom, boom" and that he was punching the victim with a closed fist in the back of the head. When the victim got up, defendant picked her up by the shirt and threw her like a rag doll. Defendant kicked the victim in the side and punched her again. The victim was trying to get away from defendant. The witness called police and reported witnessing a severe assault.

The victim testified as well. She stated that defendant was her husband and that she did not want him to be in trouble. She denied that he assaulted her on the evening in question

Defendant moved for a judgment of acquittal at the close of the State's case. He argued that the State failed to meet its burden of showing that he attempted to cause bodily injury to the victim. The court denied the motion. Defendant did not present any evidence. The jury found defendant guilty and this appeal followed.

Defendant argues that the court erred in denying his motion for judgment of acquittal. He points to evidence that he believes undermines a finding that he attempted to cause bodily injury to the victim. Defendant states that the first eyewitness did not identify him or the victim, and the witness did not testify that he saw the person swinging his arms make contact with the victim. Defendant argues that the second eyewitness, who saw defendant kicking and punching the victim, did not identify the victim. He complains that the officer who heard defendant punching the victim did not testify that the victim was hurt. Defendant also points to the victim's denial of any assault. Finally, defendant states that the two other responding officers did not see any physical violence between defendant and the victim. He asserts that the victim did not show any sign of being hurt, the officers saw no injuries, and they did not call for medical assistance.

As an initial matter, we find defendant, having made his motion for judgment of acquittal at the close of the State's case, adequately preserved his challenge to the sufficiency of the evidence. State v. Dion, 154 Vt. 420, 425 (1990), overruled on other grounds by State v. Brooks, 163 Vt. 245 (1995). Defendant did not present any evidence, so the close of the evidence occurred when the State rested. "We review the denial of a Rule 29 motion for judgment of acquittal de novo, considering whether the evidence, when viewed in the light most favorable to the State and excluding any modifying evidence, fairly and reasonably tends to convince a reasonable trier of fact that the defendant is guilty beyond a reasonable doubt." State v. Ellis, 2009 VT 74, ¶ 21, 186 Vt. 232 (quotation omitted).

Applying this standard, and disregarding the modifying evidence identified by defendant, there was ample evidence here to support the jury's verdict. The State needed to prove, in relevant part, that defendant attempted to cause bodily injury to the victim. The term "bodily injury" was defined as "any physical pain, illness, or any impairment of physical condition." "An attempt requires an open physical act by [defendant], coupled with an intent to commit the offense."

As recounted by the trial court and as set forth above, the evidence here showed that on the evening in question, a witness heard and then observed a dispute. He saw a man swinging his arm and a woman who sounded scared. He called police. The first officer who arrived saw defendant and the victim. Defendant was straddling and striking the victim. Defendant got up, picked up the victim, and began walking away. The officer heard the physical sounds of impact

from defendant's punches striking the victim. He heard defendant saying to the victim, "how do you like that, bitch?" Defendant asserted that he could do whatever he wanted to the victim because she was his wife. Another eyewitness saw defendant picking up the victim, punch her in the back of the neck, and kick her. Certainly, based on this evidence, a reasonable jury could find that defendant attempted to cause bodily injury to the victim. The court did not err in denying defendant's motion for judgment of acquittal.

Affirmed.

BY THE COURT:


_____
Paul L. Reiber, Chief Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Beth Robinson, Associate Justice

3